FILED

JUN 23 2016

Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT L. ROSE,<br><br>  Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>  Respondents. | CV 13-156-M-DWM-JCL<br><br>ORDER |

This matter is before the Court on the parties' cross-motions for summary judgment as to Petitioner Robert L. Rose's claim of ineffective assistance of counsel (Claim Two) and the State's motion for summary judgment as to Rose's claim of a speedy trial violation (Claim Six). (Docs. 55, 59.) United States Magistrate Judge Jeremiah Lynch entered a Findings and Recommendation on May 5, 2016, recommending that Claim Two be granted and that Claim Six be denied. (Doc. 85.) The Court agrees.

The parties filed objections to the findings and recommendations and responses to the objections. (Docs. 86, 87, 90, 93.) The objections are reviewed

1

de novo. 28 U.S.C. § 636(b)(1). Because the parties are familiar with the factual and procedural background of this case, it is presented only in the context of the Court's analysis.

## I. Claim Two: Ineffective Assistance of Counsel

The State objects to the findings and recommendation as to Claim Two. First, the State argues that Rose has not met his burden of proving his counsel, Kelli Sather, performed deficiently. The State focuses on the illegality of the offered plea, insisting that Sather was caught between a rock and a hard place and setting out hypothetical outcomes for the alternative tactics that were available to Sather in response to the offer made by the prosecutor, George Corn. Yet regardless of any illegal provision in the offer and any resulting c the plea bargaining process could have taken, Sather had but one duty in the proper discharge of her participation in the negotiations. She had a "duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012). The State also highlights that Corn's offer was withdrawn as opposed to expired. This distinction is immaterial where the proper inquiry is whether the offer was communicated to the defendant before it "lapsed." *Id.* at 1409. Finally, the State focuses on the substance of Sather's counteroffer and the reason for Corn's

withdrawal. The details of the counteroffer and withdrawal, however, do not alter the undisputed fact that Sather did not timely communicate Corn's formal offer to Rose. Thus, Sather's representation "fell below an objective standard of reasonableness." *Id.* at 1410 (quoting *Strickland v. Wash.*, 466 U.S. 668, 688 (1984)).

Second, the State argues that Rose has not met his burden of proving he was prejudiced. According to the State, Rose's testimony that he would have accepted the offer is not credible. The State highlights that Rose did not accept or act on Corn's initial offer, that Sather testified that Rose was mostly concerned about going to trial, and that Rose did not cite plea negotiations as a basis for his complaints against Sather. These countervailing facts, however, do not overcome the testimony showing that Rose was interested in plea bargaining and that he would have accepted the plea in light of the disparity between the sentence offered and the sentence received. *Smith v. United States*, 348 F.3d 545, 551–52 (6th Cir. 2003). Rose has therefore demonstrated a reasonable probability he would have accepted the plea offer. *Frye*, 132 S. Ct. at 1409. The State also insists that the state trial court would not have imposed the sentence recommended in the plea agreement, however, the court would not have been bound by the sentence proposed in the agreement. Despite the court's awareness of Rose's complete

3

criminal, personal, and psychological history, an acceptable plea agreement between the parties would have been a factor that enured to Rose's benefit. Given the evidence that the court regularly accepted plea agreements, there is a reasonable probability the court would not have rejected the agreement. Rose has therefore demonstrated a reasonable probability that the end result of his criminal proceeding would have been more favorable had he been afforded effective assistance of counsel. *Id.* at 1410. For these reasons and Judge Lynch's findings as to Count Two, the State's objection is overruled.

Rose objects to the recommended remedy as to Claim Two. Rose first argues the Court should consider ordering his immediate release, but he relies on two cases that predate the remedy guidance set out in *Lafler v. Cooper*, 132 S. Ct. 1376, 1389 (2012). *Lafler* provides that "a remedy must 'neutralize the taint' of a constitutional violation, while at the same time not grant a windfall to the defendant or needlessly squander the considerable resources the State properly invested in the criminal prosecution." *Id.* at 1388 (internal citation omitted). There, the Court instructed that the appropriate remedy is "to require the prosecution to reoffer the plea proposal" and "[o]nce this has occurred, the judge can then exercise discretion in deciding whether to vacate the conviction from trial and accept the plea or leave the conviction undisturbed." *Id.* at 1389. Rose's

4

immediate release is inappropriate because it is not a part of the remedy outlined in *Lafler*, it would constitute a windfall for Rose, and it would not put Rose back in the position he would have been in if the violation never occurred. Next Rose argues that if the judge decides to reject the reoffered plea agreement, Rose must be allowed to withdraw his plea rather than his conviction being left undisturbed. Although Mont. Code Ann. § 46–12–211(4) requires a trial court to afford the defendant the opportunity to withdraw his plea if the court rejects a plea agreement, that provision is inapplicable here. *Lafler* plainly provides that when inadequate assistance of counsel causes nonacceptance of a plea offer and further proceedings led to a less favorable outcome, the conviction is to be left undisturbed if the trial court decides to reject the reofferd plea agreement. 132 S. Ct. at 1389. Rose's proposed remedy would allow him to proceed trial when he already received a jury trial free of constitutional error and according to *Lafler* the proper remedy should "not require the prosecution to incur the expense of conducting a new trial." *Id.* Accordingly, Rose's objection is overruled.

## II.  Claim Six: Speedy Trial Violation

Rose objects to the findings and recommendation as to Claim Six. Rose argues that the withdrawal of his first two attorneys, Larry Mansch and Dusty Gahagan, was not his fault. Yet although the withdrawals may not have been

Rose's "fault," the delay resulting from the withdrawals is properly attributed to him as opposed to the State. Rose also insists that the testimony presented at the January 13, 2016 evidentiary hearing established there had been a breakdown in the Ravalli County public defender system, but the Court is not persuaded. In balancing all the relevant factors, it has not been established that Rose was denied his right to a speedy trial. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). For these reasons and Judge Lynch's findings as to Count Six, Rose's objection is overruled.

Accordingly, IT IS ORDERED that the Findings and Recommendation (Doc. 85) is ADOPTED IN FULL.

IT IS FURTHER ORDERED that Rose's petition as to Claim Two is GRANTED. On or before June 30, 2016, the State is required to reoffer the equivalent terms of the plea agreement proposed on May 21, 2003. The state trial court can then exercise discretion in deciding whether to vacate the conviction from trial and accept the plea or leave the conviction undisturbed. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1389 (2012) (providing instruction for exercising such discretion). If the State does not meet the deadline for reoffering the plea agreement, Rose shall be immediately released from custody. *See Nunes v. Mueller*, 350 F.3d 1045, 1057 (9th Cir. 2003) ("the constitutional infirmity would justify Nunes' release, but if the state puts him in the same position he would have

been in had he received effective counsel, that would cure the constitutional error").

IT IS FURTHER ORDERED that Rose's petition as to Claim Six is DENIED for lack of merit.

Dated this 23rd day of June, 2016.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court