IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

ROBERT L. ROSE,

Petitioner,

vs.

LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,

Respondents.

Cause No. CV 13-156-M-DWM-JCL

ORDER

Rose seeks a certificate of appealability for the following: Claim A, a violation of Rose's Sixth Amendment right to counsel under *United States v. Cronic*, 466 U.S. 648 (1984); Claim B, this Court's remedy for Rose's ineffective assistance of counsel claim was inadequate; Claim C, a violation of Rose's Sixth Amendment under *Faretta v. California*, 422 U.S. 806 (1975); and, Claim D, judicial bias. For the reasons discussed herein, Rose is denied a certificate of appealability on each claim.

In relation to Claim B, Rose believes he is entitled to a certificate of appealability, because the remedy granted by this Court for his ineffective assistance of counsel claim, specifically, remand to the trial court to consider the

1

equivalent terms of the plea offer that was never conveyed to Rose, is inadequate. Rose seems to argue that he is entitled either to release or to a new trial following the trial court's rejection of the newly proffered plea agreement. Rose asserts that a reasonable jurist could disagree with the chosen remedy, thus, a certificate of appealability is appropriate.

As a preliminary matter, this Court agrees that Rose made a substantial showing of ineffective assistance of counsel, which is precisely why this Court granted Rose habeas relief for the ineffective assistance rendered by trial counsel. But that showing does not automatically mean Rose is entitled to a certificate of appealability relative to the remedy granted.

The language of 28 U.S.C. § 2253(c)(2) is permissive. ("A certificate of appealability **may** issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.")(emphasis added). Moreover, this Court has addressed Rose's claim that the remedy imposed for the Sixth Amendment violation was inadequate. (Doc. 94 at 4-5).

Previously, Rose requested a remedy this Court deemed would result in a windfall to Rose and was not part of the remedy contemplated in *Lafler v. Cooper*, 132 S. Ct. 1376, 1389 (2012). This Court determined that *Lafler* "plainly provides that when inadequate assistance of counsel causes non acceptance of a plea offer and further proceedings led to a less favorable outcome, the conviction is to be left

undisturbed if the trial court decides to reject the plea agreement." (Doc. 94 at 5). Because Rose already had a jury trial, free of constitutional error, the proper remedy was to reoffer the substantial terms of the previous plea agreement that was not conveyed to Rose and allow him to return to the trial court. The fact that the trial court, after considering both the *Lafler* decision and this Court's remand order, chose not to accept the plea agreement, does not entitle Rose to a new trial. Nor does it entitle him to a certificate of appealability relative to his objection to the remedy that was previously overruled. A certificate of appealability for Rose's Claim B is **denied**.

Rose then cites to three additional claims: a *Cronic* claim, a *Faretta* claim, and a claim of judicial bias, for which he believes he is entitled to certificates of appealability. Presumably, Rose now advances these three claims from the thirteen he originally raised in his habeas petition, because they are not subject to harmless error review on appeal. As to each of these claims, Rose is not entitled to a certificate of appealability.

All three of these constitutional claims were considered and rejected on their merits.[1] Rose has not demonstrated that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253 (c). Each of these three claims was

---

[1] See, (Doc. 27)(recommending denial of: Claim A, at 11-17; Claim C, at18; and, Claim D, at 25-29).;and, (Doc. 42)(denying: Claim A, at 2-4; Claim C, at 6-9; and, Claim D, at 9).

3

analyzed on its merits and it was determined Rose failed to make a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253 (c)(2). Rose has not demonstrated that jurists of reason could disagree with the resolution of these constitutional claims or that the issues deserve encouragement to proceed further. *Slack*, 529 U.S. at 484; *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability is **denied** for Claims A, C, and D.

DATED this 2nd day of November, 2016.

Donald W. Molloy, District Judge
United States District Court