

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT L. ROSE,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA;<br><br>Respondents. | Cause No. CV 13-156-M-DWM-JCL<br><br><br>ORDER |

On May 24, 2018, this Court denied Rose's Motion to Enforce the Judgment. (Doc. 111.) Specifically, it was determined that the prior judgment of this Court, requiring the State of Montana to reoffer the equivalent terms of a 2003 plea proposal and present the agreement to the state district court for consideration, was timely and faithfully executed and, accordingly, Rose was not entitled to any further relief. *Id.* at 5-6.

On July 5, 2018, this Court received Rose's Motion for Certificate of Appealability. (Doc. 113.) Because Rose dated this document June 22, 2018, the Court will deem the document filed on that date. *Houston v. Lack*, 487 U.S. 266, 276 (1988) (Pro se prisoner's document deemed filed on the date prisoner delivers

1

it to prison authorities for mailing to clerk of court). Rose subsequently filed a Motion for Extension of Time to File Notice of Appeal. (Doc. 115.) The Court will treat Rose's Motion for Certificate of Appealability as a Notice of Appeal timely filed on June 22, 2018. For this reason, Rose's Motion for Extension to Time (Doc. 115) is denied as moot.

The Court is not aware of any authority requiring a certificate of appealability to issue from an order denying a motion under Rule 70. *Cf., United States v. Winkles*, 795 F. 3d 1134, 1142 (9th Cir. 2015) (holding a certificate of appealability is required to appeal the denial of a Rule 60(b) motion for relief from judgment arising out of the denial of a section 2255 motion). To the extent a certificate of appealability is required, however, Rose's request is denied.

As set forth in previous orders of this Court, Rose has received all the process and relief that is due to him. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating reasonable jurists could disagree with the district court's resolution of his constitutional claims or could conclude the issues presented are adequate to deserve encouragement for further proceedings. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Rose has not made the required substantial showing of the denial of a constitutional right. Moreover, reasonable jurists would not find

the result here debatable. *See, Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Based on the foregoing, the Court enters the following:

**ORDER**

1. The Clerk of Court is directed to refile Rose's Motion for Certificate of Appealability (Doc. 113) as a Notice of Appeal deemed to have been filed on June 22, 2018. Rose's Motion for Extension of Time to File Notice of Appeal (Doc. 115) is DENIED as moot.

2. Rose's Motion for a Certificate of Appealability (Doc. 113) is DENIED.

DATED this 28 day of August, 2018.

Donald W. Molloy, District Judge
United States District Court

3